10913

STATE v. HUGHEY

(112 S. E. 823)

1. LIBEL AND SLANDER—INDICTMENT FOR SLANDER HELD SUFFICIENT.—Under Cr. Code 1912, § 83, providing that an indictment stating the nature of the offense so that it may be easily understood is sufficient, an indictment for slander, which did not state the exact words or to whom spoken, was sufficient.

2. LIBEL AND SLANDER—WORDS SPOKEN IN RESPONSE TO QUESTIONS AND TO PARTIES WITH A COMMON INTEREST HELD NOT PRIVILEGED, UNLESS MADE IN GOOD FAITH.—Where defendant was prosecuted for slandering his wife, the fact that the words were spoken in response to questions and to members of his wife's family, who had a common interest in the subject-matter, would not make them privileged communications, unless they were spoken in good faith.

Before McIver, J., Cherokee, March, 1921. Affirmed.

Russell Hughey indicted for slander of his wife and upon conviction appeals.

The indictment is as follows:

At a Court of General Sessions, begun and holden in and for the County of Cherokee, in the State of South Carolina, at Cherokee Court House, in the County and State aforesaid, on the second Monday of July, in the year of our Lord 1920, the jurors of and for the County aforesaid, in the State aforesaid, upon their oath, present: That Russell Hughey, late of the County and State aforesaid, on the 13th day of March in the year of our Lord, 1920, with force and arms, at Cherokee Court House in the County and State aforesaid, did willfully, unlawfully, and maliciously originate, utter, circulate, and publish false and slanderous statements concerning his wife, Blanche Stroup Hughey, the effect of which tended to injure the said Blanche Stroup Hughey in her character and reputation, to wit, that she

had given him the gonorrhea, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

I. C. BLACKWOOD, *Solicitor.*

*Messrs. Dobson & Vassey* and *C. P. Sims,* for appellant, cite: *Privileged communication*: 29 Cyc., 394; 17 R. C. L., Pars. 115, 116, 117; 46 L. R. A. (N. S.), 1915A, 104; 53 L. R. A. (N. S.), 1915-A, 572.

*Mr. I. C. Blackwood, Solicitor,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

I. The appellant was indicted for slander of his wife. He demurs to the indictment. Let the indictment be reported. The demurrer to the indictment was that it did not state the exact words or to whom spoken. The presiding Judge overruled the demurrer, holding the indictment sufficient under Section 83 of Criminal Code 1912. In this there was no error.

II. The next question is, were the communications privileged? Not long after the marriage the appellant took his wife back to her father's house and left her there. Some of the wife's brothers stopped the appellant in the road, and demanded to know the reason. The appellant then spoke the words for which he was convicted. The appellant claims that, inasmuch as the words were spoken in response to questions, and to members of the wife's family, who had a common interest in the subject-matter, the communications were privileged. The authorities to which appellant has cited us state that under certain circumstances words spoken in good faith are privileged. His Honor charged the jury that:

"In order to convict a defendant under this statute, the words spoken must be in the first place spoken with malicious intent. Then, they must be false," etc.

The charge dwelt at length on the necessity for malice. The exceptions are overruled, and the judgment affirmed.